# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 426 | **DATE** | 2/23/2011 |
| **CASE TITLE** | Ruiz vs. J.S. II, LLC, et al. | | |

**DOCKET ENTRY TEXT**

The "emergency motion to extend the time for filing a notice of appeal and stay actions related to enforcement of judgment" [6] is denied. There is a pending motion by the liquidating trustee to stay the briefing schedule and the deadline to file a designation of items to be included in the record on the Ruizes' appeal. The trustee explains that he expects to collect from the Attorneys the sanctions imposed by the bankruptcy court, does not intend to seek to recover additional amounts from the Ruizes, and the appeal will become moot once he has collected from the Attorneys. The Ruizes are requested to file a brief response by March 4, 2011 indicating whether they object to the trustee's proposed sixty-day stay of briefing on the appeal.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the court is an "emergency motion to extend the time for filing a notice of appeal and stay actions related to enforcement of judgment," filed by Anthony J. Peraica and Associates (the "Attorneys"), counsel for the appellants. The Attorneys seek leave to file an amended notice of appeal adding themselves as parties to their clients' appeal and a stay of the enforcement of the judgment entered by the bankruptcy court in December 2010. (The bankruptcy court denied, as untimely, the Attorneys' motion for an extension of time to file a notice of appeal or in the alternative for leave to file an amended notice of appeal. The bankruptcy court also denied their motions to stay enforcement of the judgment pending appeal and to stay examination pursuant to a citation to discover assets.) On February 17, we asked the Attorneys to file a memorandum explaining why this court has jurisdiction to entertain their motion or to grant either form of relief sought, "pointing to specific rules, statutes, or case law."

 The Attorneys have now filed a memorandum, which fails to explain why, or cite any authority indicating that, we have jurisdiction to entertain the motion. The brief simply rehashes the substantive arguments presented to and rejected by the bankruptcy court. In addition, there is a shift in the relief sought; the Attorneys now request that we "deem the Attorneys to be Appellants with respect to the instant appeal," noting that the bankruptcy court's order denying the motion for extension of time for filing a notice of appeal stated merely that "[t]he Attorneys and the law firm *may not* have timely filed a Notice of Appeal of the Sanctions Order as it pertains to them being held jointly responsible to pay sanctions." Order Denying Motion to Extend Time for Filing a Notice of Appeal (Docket No. 1417) (emphasis added).

| | |
|---|---|
| | Courtroom Deputy   K |

The Attorneys have failed to show that we have jurisdiction to grant them leave to add themselves to their clients' appeal, whether by granting them an extension of time to file a notice of appeal or by granting them leave to amend the notice of appeal. And there is no need to stay enforcement of the judgment because the Attorneys indicate that it is sought to maintain the status quo pending our consideration of their request that we deem them to be appellants, and we are going to deny that request. In its caption, the notice of appeal states "Appellants: Jose Ruiz and Sandra Ruiz." It does not identify the Attorneys as appellants. Moreover, the notice of appeal states in pertinent part: "JOSE RUIZ and SANDRA RUIZ, creditors, appeal under 28 U.S.C. § 158(a) or (b) from the Order Granting the Liquidating Trustee's Motion to Amend Sanctions Order of the bankruptcy judge that was entered in this proceeding to enforce the automatic stay on the 23rd day of December, 2010." That statement does not include the attorneys, and the notice does not state anywhere else that the Attorneys appeal from the order. Underneath the phrase "[t]he names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows," "Jose Ruiz and Sandra Ruiz" are listed, and underneath their names it lists the Attorneys as "Counsel." There is absolutely no indication in the notice of appeal that the Attorneys themselves intended to appeal from the order, so there is no basis to "deem the Attorneys to be Appellants."